# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


KENNETH GOLSTON,

                  **Plaintiff,**

       **v.**                       **CASE NO.  12-3046-SAC**

CORRECT CARE
SOLUTIONS, et al.,

                  **Defendants.**

## MEMORANDUM AND ORDER

This civil complaint, 42 U.S.C. § 1983,[1] was filed pro se by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). Mr. Golston is given time to file an Amended Complaint that cures the deficiencies found by the court upon screening and discussed herein.  If plaintiff fails to comply within the time allotted, this action may be dismissed without further notice.


## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

The statutory fee for filing a civil rights complaint is $350.00.  Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2) and has submitted the requisite affidavit and financial records in support.  Where insufficient funds exist for immediate payment of the full filing fee, the court is required to assess and collect an initial partial filing fee. U.S.C. § 1915(b)(1)(A) and (B).  However, where an inmate has no

---

[1]    Plaintiff's bald reference to "Title II of the American Disability Act Section 504" does not include facts showing discrimination against him by the recipient of federal funding due to his disability or an explanation as to how this court might otherwise have jurisdiction over his claims under this provision. Barnes v. Gorman, 536 U.S. 181, 189 (2002).  Accordingly, it is not considered as a jurisdictional basis.

means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action.  28 U.S.C. § 1915(b)(4).  Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed without prepayment of fees.

However, plaintiff is reminded that he remains obligated to pay the $350.00 court filing fee for this action, and that prison officials are authorized to automatically deduct payments from his inmate trust fund account when funds become available as authorized by 28 U.S.C. § 1915(b)(2).[2]

## DEFENDANTS, ALLEGATIONS, AND CLAIMS

Plaintiff names the following persons at the Winfield Correctional Facility (WCF) as defendants: Emmalee Cornover, Warden; Ray Bloomquist, Mental Health Administrator; Jane Doe (1), Food Administrator, Aramark; Tammy and Mary, Aramark Supervisors; and John Doe (1), Transporting Officer for Kansas Department of Corrections (KDOC).

He names the following persons at the Hutchinson Correctional Facility (HCF) as defendants: Sam Cline, Warden; Utt, Deputy Warden; Steve Schneider, Information Officer and Warden Designee; Ford, Aramark Food Administrator; Beamis and Slague, Aramark Supervisors;

---

[2]      Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Nunetz, Disciplinary Board Hearing Officer; Shradder, Williams, Moore, Hackney, Schneider, Dusseau, Mack, and Patton, Unit Team Managers; Ki Anderson, Unit Team Counselor; Russell, Bruce, Foron, Newkirk, and Mickle, Corrections Officers; Ward and Brown, Master Sergeants ; and John Doe (2), Aramark Supervisor.  He names the following medical staff at HCF as defendants: Dr. Bumgarner; Dr. Moore, Correct Care Solution (CCS) Mental Health Department; Brice Gilbert, Administrator, Mental Health Department for CCS; RN Debra Lundry, Director of Nursing, CCS; RN Marie Stevens; Mrs. Miller, Mental Health Counselor; John Doe (3), Mental Health Parole Coordinator; Mrs. Alexander, Mental Health Activity Therapist; and Tonya, "Med Tech".

Plaintiff names the following persons at the Ellsworth Correctional Facility (ECF) as defendants; Dan Schnurr, Warden; Jeff Stone and Candita McNeal, Unit Team Counselors; Booher, Unit Team Manager; Captain Donely; Krajewski, Parker, Wolf, and John Doe (4), Corrections Officers; Eno and Parker, CSI Corrections Officers; John/Jane Doe, Mailroom Clerk; and Osmond and Beaver, Disciplinary Hearing Officers.  He names the following ECF medical staff: Dr. McGawn; RN Susan Mehler, Health Service Administrator, CCS; RN Mable Walker, Director of Nursing, CCS; Coatney, Mental Health Director, CCS; DeMott, Mental Health Counselor, CCS; Nurse Dickerson, CCS; Nurse T. Stone; Nurse Rush, CCS.

Plaintiff names the following persons at the Wichita Work Release as defendants: Emmalee Cornover, Warden; Jane Doe (2), Deputy Warden;  Jane Doe (3), Property Officer; and Jane Does (4 & 5), Aramark Supervisors.

Plaintiff also names the following as defendants without

3

providing their location: Dr. Kepka, CCS; Larry Bearden, Regional Manager, Aramark; Jerry Boyle, Regional Director, CCS for KDOC; Evans; and Murry.

As Count I, plaintiff generally claims intentional infliction of emotional distress, campaign of harassment, and denial of medical care, and asserts violation of his rights under the Eighth Amendment. As Count II, he complains of his confinement in segregation and asserts violation of his due process and equal protection rights. As Count III, he claims denial of his right to practice his religion in violation of the First Amendment. As Count IV, he claims "Tort of negligence, abusive force." Mr. Golston seeks "damages and injunctive relief."

## SCREENING

Because Mr. Golston is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. §§ 1915A(a),(b); 1915(e)(2)(B).

## DISCUSSION

The court finds that the complaint is deficient in several respects. First, it is immediately obvious that plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure, which provides in pertinent part that a complaint "must contain:"

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .

A complaint with exhibits totally over 400 pages is not a short and plain statement. Having nevertheless screened the voluminous materials filed, the court finds that this action is subject to dismissal for other reasons as well. The complaint is replete with claims and parties that are improperly joined. In addition, the allegations in the complaint fail to state a federal constitutional claim. Finally, some of plaintiff's claims appear to be time-barred.

### 1.   Improper Joinder

It is patently obvious from the myriad allegations in the complaint and the lengthy list of defendants with their varying locations that this pleading is replete with improperly joined parties and claims. The Federal Rules of Civil Procedure (FRCP) apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The court may insist upon a prisoner's compliance with the rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel). FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." From this language, it is clear that a plaintiff may bring multiple claims against a single defendant under Rule 18(a). However, it should also be clear that "[u]nrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607. Under Rule 18(a), "multiple

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* Allowance is more generous for claims than it is for parties, given the rules allow a party to bring multiple claims-related or not-against a single party in one action. FRCP Rule 18(a).

FRCP Rule 20(a)(2) governs permissive joinder of parties and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*Id.* Rule 20(a)(2) thus imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See e.g., League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)(citation omitted); *see also DIRECTTV, Inc. v. Barrett*, 220 F.R.D. 630, 631-32 (D.Kan. 2004)( citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653), *aff'd* 249 Fed.Appx. 27 (10th Cir. 2007). It follows that under Rule 20(a)(2), a plaintiff may not bring multiple claims against multiple parties in a single action unless the "statutory nexus" is demonstrated with respect to all defendants named in the action. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different

actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).

Requiring adherence in prisoner suits to the federal rules regarding joinder of claims and parties prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George*, 507 F.3d at 607. It also prevents prisoners from "dodging" the fee obligations[3] and the three strikes provisions[4] of the Prison Litigation Reform Act. *Id.* (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

This court has previously adopted the reasoning in *George*. *See e.g., McCormick v. Morrison*, 2008 WL 4216115 (D.Kan. Sept. 12, 2008). Applying that reasoning here, the court has no difficulty determining that plaintiff's complaint violates Rule 18(a) because it contains numerous claims that are not related to numerous other claims against different defendants. The court also determines that the complaint violates Rule 20(a)(2) because it contains numerous defendants who are not shown to be connected to all claims raised in the complaint by a common occurrence and question of law. For

___

[3] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.*

[4] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

example, Mr. Golston improperly attempts to litigate a claim based upon an incident that occurred at the HCF and involved HCF employees with another claim based upon an unrelated incident that occurred at the LMHCF during a different time frame.  Incidents that occurred at different facilities are unrelated unless the two incidents were caused by the same person or arose from the same transaction or set of transactions.  Plaintiff's allegations do not suggest that the incidents at different prisons described in his complaint are sufficiently related or were caused by the same individual defendant.  For another example, plaintiff improperly joins his claims regarding disciplinary actions with his claims regarding denial of medical treatment and either of these claims are improperly joined with his claims regarding mail handing, even if the events occurred at the same institution.  Unless the same defendant or defendants caused all three incidents, they are not properly joined.  These are only a very few examples of the extensive misjoinder of claims in the complaint.  Plaintiff sets forth numerous claims that do not arise out of the same transaction, occurrence, or series of transactions or occurrences and that lack a question of law or fact common to all defendants.

To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate actions would allow him to avoid being assessed the filing fees required for separate actions.[5]  It would

---

[5]     Non-prisoner and prisoner litigants alike should not be allowed to combine their unrelated claims against different defendants into a single lawsuit simply to avoid paying another filing fee for a separate lawsuit.  Every litigant is required to responsibly weigh and individually bear, when possible, the costs of his or her decision to pursue litigation of disputes in federal court.

also allow Mr. Golston, who has one prior strike,[6] to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g), since many if not all his numerous claims appear to have no merit.  Frivolous claims would clearly count as multiple "strikes" if they were raised in separate lawsuits.  Multiple frivolous claims are not normally treated as separate strikes when brought in a single case.

FRCP Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or the court's orders. *Nasious v. Two Unknown B.I.C.E. Agents, at Araphone County Justice Center*, 492 F.3d 1158, 1161 & n.2 (10th Cir. 2007)("Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Because plaintiff's complaint is such a morass of unrelated multiple claims and defendants, the court has no idea which claim or claims should be severed and which properly joined claims the plaintiff may wish to continue to pursue in this action.  Some courts suggest that the entire complaint containing improperly joined claims or parties should be dismissed, with the plaintiff being given time to file another amended complaint.  However, the court will give Mr. Golston the opportunity to file an Amended Complaint, rather than dismissing this action at this time.[7]

---

[6]     *See Golston v. McKune*, No. 03-3392-GTV (July 29, 2004)(dismissed as stating no claim for relief with plaintiff advised of § 1915(g)).

[7]     Mr. Golston is not prevented by this order from raising all his claims in federal court.  He may litigate any claims that are not properly joined in this lawsuit by filing separate lawsuits, each of which may likewise only contain claims and parties that are properly joined.  The $350.00 fee must be paid for each civil action filed.  By these remarks, the court does not intend to encourage Mr. Golston to file an Amended Complaint herein and then file the many separate

### 2.  Failure to State Claim

Apparently as support for all his counts, plaintiff lists over 1100 "facts" regarding numerous events that have aggravated him throughout his confinement in various state facilities.  For example, Mr. Golston complains of several unrelated disciplinary actions on various grounds, denial of his request for a lower bunk, the taking of his property including religious and art materials, denial of medical treatment for an ear tube, denial of a free partial dental plate, denial of crackers to take with medicine, his fear that he was poisoned by a Med Tech and others, staff speaking meanly to him, attempts to place him in a five-man cell and other unwanted custody changes, improper opening of his official mail, and failure to acknowledge his need for mental health treatment at the same time that his other allegations indicate he has been provided psychotropic medications and has refused or been removed from MH treatment in the form of programs and classes.  This is but a small portion of plaintiff's myriad complaints.  These complaints are not facially different from those raised by other inmates.  However, the allegations made in support of these claims differ from the norm in that they generally indicate that Mr. Golston has precipitated his own difficulties by making unreasonable demands or refusing to follow reasonable rules or directives, and then has felt mistreated or harassed without apparent justification.  He has filed numerous, sometimes repetitive, grievances regarding many events and then

---

lawsuits it would take to present all the claims in his complaint that are not properly joined herein.  Instead, Mr. Golston is directed to carefully heed the court's additional findings regarding substantial deficiencies in all his claims. If he files two more frivolous actions, he will be subject to the three-strikes provision.

filed additional grievances regarding the handling of his grievances. His own exhibits and allegations show that his grievances have often been denied on reasonable grounds, including his failure to follow the prison grievance procedures.[8] His allegations indicate his disagreement with the decisions of prison staff, his frequent non-compliance, and his inability to cope with criticism and other disciplinary measures,[9] rather than a violation of his federal constitutional rights by the named defendants.

Many of plaintiff's other claims are unusual in that they are based upon allegations that the court believes can be fairly characterized as delusional. For example, Mr. Golston complains that people are timing and counting his steps then cutting in front of him; heavy set staff and inmates are walking around areas and talking with "no slim" person in sight; he has noticed "strange movement going on around him by staff" and inmates, which has caused him to stop going to religious services and recreation; the lunch line stops when he gets there; Aramark workers, nurses, and other staff and inmates have been standing "with (their) buttocks facing him" and bending over in front of him; one nurse always opens her legs in front of him; women staff are flaunting their buttocks or breast toward him, naked inmates have stood real close to him in the showers to dry off; an inmate apparently humiliated him by farting

---

[8]     For example, plaintiff's own exhibits of his grievances on denial of crackers, a bottom bunk, and a free partial dental plate show that his requests were considered and rational responses were provided that the items were not found to be necessary. They also show that grievances he improperly filed as emergencies were denied.

[9]     He describes himself at various times as "ready to fight and get violent," mentally and emotionally devastated, tired of the sexual harassment by staff and inmates, depressed, feeling he would attack someone, angry and ready to take revenge on staff and inmates, very disruptive, screaming and cussing, and argumentative.

behind him; carrots are being placed on top of his food as well as in the water fountain he uses; and that all this evinces a pattern of harassment against him.  The events described by plaintiff do not establish that he has actually been harassed by certain persons at particular locations on specific dates.  Instead, they indicate that he merely "feels he was being harassed" and "feels" the MH staff and administration were "behind all of these events."  They may also indicate, as one correctional officer suggested to him, that he is exhibiting some paranoia regarding everyday events.  Plaintiff acknowledges that all program classification reviews "mention his mental health emotional and mental disability."

In support of both his normal and unusual complaints, Mr. Golston also often fails to provide crucial facts such as the dates, locations, and names of each participant.  He similarly fails to allege any facts in the body of his complaint showing the personal participation of each named defendant in all the events that he claims violated his constitutional rights.  Personal participation is an essential element of a civil rights claim.

Some of plaintiff's claims, like those involving denial of medical care or religious materials, are little more than formulaic recitations of constitutional violations.  The facts purported to support these claims are simply not sufficient to state a claim of federal constitutional violation.  For example plaintiff alleges that he was denied applicators with his suppositories for hemorrhoids, but also reveals that latex gloves were provided rather than applicators because of a prior problem with the applicators. In this instance, plaintiff's allegations do not amount to facts showing deliberate indifference that led to denial of necessary

medical treatment.  His mere difference of opinion with decisions of the medical staff does not present a federal constitutional violation.  The court concludes that no set of facts in the 400 pages filed by plaintiff is sufficient to suggest that his federal constitutional rights have been violated.

### 3.  Time Limitation

The court further finds that plaintiff raises claims in his complaint that appear to be time-barred.  "[An] action brought pursuant to 42 U.S.C. § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose."  *See United States v. Kubrick*, 444 U.S. 111, 120 (1979).  K.S.A. § 60-513(a)(4) provides a two-year limitations period for bringing an action "for injury to the rights of another."  This means that any claims in the complaint that occurred more than two years prior to the date the complaint was filed or executed, were not brought within the applicable time limit.

The first 38 "facts" listed by plaintiff involve events that occurred in 2009.  Facts 39-43 involve events in 2010 that took place more than two years prior to the filing of the complaint.  Any of the acts or events complained of in the complaint that occurred more than two years prior to plaintiff's execution of his complaint, which was on February 3, 2012, are likely to be considered barred by the statute of limitations unless plaintiff can show that he is entitled to some exception to the statute of limitations.  If plaintiff includes such claims in his Amended Complaint or a new separate complaint, he will be required to show cause why they

13

should not be dismissed as time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995)(district court may consider affirmative defenses sua sponte when the defense is obvious from the face of the complaint.).

**MOTION TO APPOINT COUNSEL**

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3). Having considered this motion, the court finds it should be denied without prejudice. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Instead, the decision whether to appoint counsel lies in the court's discretion. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claims to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Id.* (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The court has considered the relevant factors and concludes that plaintiff's motion should be denied at this juncture because it is not convinced that any of the

claims in the complaint has merit.

**PROPOSED ORDER TREATED AS SECOND SUPPLEMENT**

Plaintiff has submitted a document which appears on the top page to be a proposed order for a show cause hearing as to why a preliminary injunction should not issue.  However, he has attached several pages of repetitive allegations and exhibits to it and refers to it later as an affidavit as well as an order.  This document was not filed as an order.  Plaintiff has not filed a proper Motion for Preliminary Injunction.  Nor has he alleged sufficient facts to establish the factors that would entitle him to a preliminary injunction.  The clerk will be directed to file this document as Plaintiff's "Second Supplement."  Plaintiff is advised that he is not obligated to present evidence in any form until he is required to prove his claims.  He will now need to reproduce, summarize, or refer by page number to any exhibits he has prematurely submitted in his two supplements if he relies upon them in connection with his Amended Complaint.

**PLAINTIFF ORDERED TO FILE AN AMENDED COMPLAINT**

Plaintiff is given the opportunity to file an Amended Complaint that cures the deficiencies discussed herein.  This means that his Amended Complaint must not contain any claims that are improperly joined or are time-barred.  It also means that plaintiff must allege additional facts in his Amended Complaint to state a federal constitutional violation and to show the personal participation of each named defendant.

Plaintiff must submit his Amended Complaint upon forms provided

by the court.  He must write the number of this case, 12-3046, on the first page of the Amended Complaint.  Plaintiff must complete the forms to the best of his ability.  He may submit additional pages only if necessary to answer all the questions on the form complaint.  However, the number of additional pages he may submit is limited to 10.  The court can perceive of no need to submit additional exhibits at this time.  The court will screen the Amended Complaint once it is filed.

An Amended Complaint is not combined with the original complaint, but completely supercedes it.  See Fed.R.Civ.P. Rule 15. Consequently, plaintiff may not simply refer to his original complaint and instead must present all the properly joined claims and factual allegations that he intends to pursue in this action in his Amended Complaint.  Any claims or allegations in the original complaint that are not presented in the Amended Complaint will not be considered further by the court.  If plaintiff fails within the time allotted to file an Amended Complaint that cures all the deficiencies discussed herein, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, and he is assessed the full filing fee herein of $350.00 to be collected through payments automatically deducted from his institutional account as funds become available, as authorized by 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 4) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file an Amended Complaint upon forms that cures the deficiencies in his original complaint as discussed herein.

**IT IS FURTHER ORDERED** that the clerk shall docket plaintiff's submission entitled "Order to Show Cause" as of today's date as "Plaintiff's Second Supplement."[10]

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[10]     Upon initial receipt of this document, the court thought it was a proposed order as entitled, which would not be filed unless and until the court decided to utilize it. However, the content and attachments have been considered by the court and are not limited to a proposed order. For these reasons this document is now being filed as supplemental material.